UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| KATHERINE L.,<br><br>    *Plaintiff*<br><br>v.<br><br>KILOLO KIJAKAZI,<br>*Acting Commissioner of Social Security*,[1]<br><br>    *Defendant* | No. 2:20-cv-00439-JAW |

### REPORT AND RECOMMENDED DECISION[2]

  This Social Security Disability (SSD) appeal raises the question of whether the administrative law judge (ALJ) supportably found the plaintiff capable of performing work existing in significant numbers in the national economy.  The plaintiff seeks remand on the bases that the ALJ erred in failing to find her chronic diarrhea a severe impairment at Step 2, assessing a mental residual functional capacity (RFC) unsupported by substantial evidence, and failing to discuss or even exhibit a post-hearing affidavit of vocational expert (VE) David W. Meuse challenging the conclusions of the VE who testified at hearing.  *See* Plaintiff's Itemized Statement of Errors ("Statement of Errors") (ECF No. 13) at 4-13.  I conclude that remand is warranted on the basis of the ALJ's handling of the Meuse affidavit and, accordingly, recommend that the court

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Kilolo Kijakazi is substituted as the defendant in this matter.
[2] This action is properly brought under 42 U.S.C. § 405(g).  The commissioner has admitted that the plaintiff has exhausted her administrative remedies.  The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement.  Oral argument was held before me pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

vacate the commissioner's decision and remand this case for further proceedings consistent herewith. I need not and do not reach the plaintiff's remaining points of error.

Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. § 404.1520; *Goodermote v. Sec'y of Health & Hum. Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the ALJ found, in relevant part, that the plaintiff met the insured status requirements of the Social Security Act through December 31, 2021, Finding 1, Record at 72; that she had the severe impairments of anxiety and post-traumatic stress disorder (PTSD), Finding 3, *id*. at 73; that she had the RFC to perform a full range of work at all exertional levels, but with the nonexertional limitations that she could frequently, as opposed to constantly, interact with supervisors and co-workers, occasionally interact with the public, and tolerate occasional changes in the routine work setting, but could not work at a production-rate pace such as on an assembly line, Finding 5, *id*. at 77; that, considering her age (59 years old, defined as an individual of advanced age, on her alleged disability onset date, May 16, 2016), education (at least high school), work experience (transferability of skills immaterial), and RFC, there were jobs existing in significant numbers in the national economy that she could perform, Findings 7-10, *id*. at 84; and that she, therefore, had not been disabled from May 16, 2016, her alleged onset date of disability, through the date of the decision, November 27, 2019, Finding 11, *id*. at 85-86. The Appeals Council declined to review the decision, *id*. at 1-4, making the decision the final determination of the commissioner, 20 C.F.R. § 404.981; *Dupuis v. Sec'y of Health & Hum. Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 405(g); *Manso-Pizarro v. Sec'y of Health & Hum. Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion

drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of Health & Hum. Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The ALJ reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than any past relevant work. 20 C.F.R. § 404.1520(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Sec'y of Health & Hum. Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## I. Discussion

At the outset of the plaintiff's August 12, 2019, hearing, the ALJ set deadlines of August 19, 2019, for "any post-hearing briefing, which is optional," and August 26, 2019, for the submission of certain medical records. *See* Record at 108-09. At the close of hearing, she reminded the plaintiff's counsel that "the post-hearing briefing is due by close of business on August 19th" and "the deadline for the missing records" was "by close of business on August 26, 2019." *Id*. at 134.

Post-hearing, the plaintiff's counsel submitted (i) a one-page brief dated August 19, 2019, focusing on the ALJ's consideration of the plaintiff's mental impairments, *see id*. at 509, (ii) additional medical records that the ALJ considered and marked as Exhibit 37F, *see id*. at 70, 2111-19, and (iii) the Meuse affidavit with a cover letter dated August 26, 2019, *see id*. at 515-24. In that cover letter, the plaintiff's counsel stated that the Meuse affidavit was submitted pursuant to (i) an exception in the "5-day rule" for the submission of evidence when an "unavoidable circumstance beyond your control prevented you from informing us about or submitting the evidence earlier[,]" (ii) Social Security Ruling 96-9p (SSR 96-9p), which provides that

"[w]henever a VE is used, the individual has the right to review and respond to the VE evidence prior to the issuance of a decision[,]" and (iii) the general right to rebut evidence introduced at hearing. *Id*. at 515 (internal quotation marks omitted).

Among other things, Meuse disputed the testimony of Rachel McDaniel, the VE present at the plaintiff's hearing, that a person incapable of working at a production-rate pace could perform the jobs of industrial cleaner, laundry worker, and salvage laborer. *Compare id*. at 130-31 *with id*. at 518, ¶¶ 18-20.

In her November 27, 2019, decision, the ALJ neither expressly acknowledged nor discussed the Meuse affidavit. *See id*. at 70, 84-85. She relied on the testimony of VE McDaniel to find the plaintiff capable of performing jobs existing in significant numbers in the national economy. *See id*. at 84-85.

The plaintiff cites *Patrick S. v. Saul*, Civil No. 1:18-cv-289-DBH, 2019 WL 3814283, at *3 (D. Me. Aug. 14, 2019), for the proposition that the ALJ's failure to consider rebuttal vocational evidence that, if credited, would have undermined her Step 5 finding warrants reversal and remand. *See* Statement of Errors at 11-13.

The commissioner disputes that the ALJ ignored the Meuse affidavit, asserting that "she acknowledged its submission and excluded it based on Plaintiff's failure to comply with the established briefing deadline and Plaintiff's complete lack of explanation for missing that deadline." Defendant's Opposition to Plaintiff's Statement of Errors ("Opposition") (ECF No. 17) at 12. She cites *Phillip W. v. Saul*, 2:19-cv-00258-JDL, 2020 WL 7647472, at *3 (D. Me. Dec. 23, 2020), as instructive, noting that, in the context of gauging whether attorney fees pursuant to the Equal Access to Justice Act (EAJA) were warranted, the court concluded that the setting of "guidelines" for a claimant to respond to VE evidence and the exclusion of a rebuttal affidavit that

4

failed to comply with those guidelines "had a reasonable basis in law and fact." *Id*. at 13-14 (quoting *Phillip W.*, 2020 WL 7647472, at *3).  The commissioner also disputes the materiality of the Meuse affidavit, contending that the descriptions of the three jobs at issue in the *Dictionary of Occupational Titles* (U.S. Dep't of Labor 4th ed., rev. 1991) (*DOT*) "do not establish any production rates whatsoever."  Opposition at 15.

The plaintiff has the better argument.

First, assuming *arguendo* that an ALJ may set a deadline for the submission of rebuttal vocational evidence and refuse to consider it if late,[3] the ALJ did not do so here.  Even if she meant to allude to the Meuse affidavit in stating that the plaintiff's counsel's "post-hearing brief" was submitted past the applicable August 19, 2019, deadline "without any explanation" and, thus, had been "excluded as untimely[,]" Record at 70, briefs are not evidence, and she set deadlines only for the submission of post-hearing briefing and additional medical records, *see id.* at 108-09, 134; *Patrick S.*, 2019 WL 3814283, at *4 n.3 ("The rebuttal affidavit in dispute here is evidence; it is not a written statement as the regulations [20 C.F.R. §§ 404.949, 416.1449] use that term.").

Second, this court has held that an error in ignoring post-hearing rebuttal vocational evidence such as the Meuse affidavit warrants remand when the ignored opinion, "*if accepted*, would be outcome-determinative[.]"  *Gwendolyn L. v. Berryhill*, No. 1:18-cv-00272-JDL, 2019 WL 2435673, at *4 (D. Me. June 11, 2019) (rec. dec., *aff'd* Sept. 4, 2019) (emphasis added).  As the plaintiff's counsel correctly observed at oral argument, the commissioner relies on

---

[3] In *Patrick S.*, Judge Hornby "conclude[d] that under the current regulations and rulings the [claimant] has the right [to present a rebuttal vocational expert affidavit] up until the [ALJ]'s decision issues." *Patrick S.*, 2019 WL 3814283, at *1.  In a footnote, he acknowledged the utility of setting "a deadline for completing the record in its entirety" but found "no indication" either that the ALJ in that case had set a deadline for the submission of a rebuttal vocational exhibit or that SSR 96-9p grants an ALJ the authority to do so "given its reference to a right to respond up until the decision's issuance[]." *Id*. at *4 n.3.  Nothing in *Phillip W.* signals any intention to call *Patrick S.* into question.  *See Phillip W.*, 2020 WL 7647472, at *3.  In any event, as noted above, this case presents no occasion to address the question whether, if an ALJ sets a clear deadline for submission of rebuttal vocational evidence, the ALJ may exclude such evidence if untimely submitted.

impermissible *post hoc* rationalizations to undermine the materiality of the Meuse affidavit. *See* Opposition at 15-16; *Clark v. Astrue*, Civil No. 09-390-P-H, 2010 WL 2924237, at *3 (D. Me. July 19, 2010) (rec. dec., *aff'd* Aug. 9, 2010) ("[A] reviewing court cannot affirm an agency's decision on the basis of a *post hoc* rationalization but must affirm, if at all, on the basis of the rationale *actually articulated* by the agency decision-maker." (emphasis added)).

Remand, accordingly, is warranted on the basis of the ALJ's handling of the Meuse affidavit.

## II. Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **VACATED** and the case **REMANDED** for proceedings consistent herewith.

## *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 17th day of January, 2022.

       /s/ John H. Rich III
John H. Rich III
United States Magistrate Judge