UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| KATHERINE L., | ) |
| | ) |
|       Plaintiff | ) |
| | ) |
| v. | )   No. 2:20-cv-00439-JAW |
| | ) |
| KILOLO KIJAKAZI, | ) |
| Acting Commissioner of | ) |
| Social Security, | ) |
| | ) |
|       Defendant | ) |

**RECOMMENDED DECISION ON MOTION
FOR EAJA ATTORNEY FEES**

The Plaintiff moves pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, for an award of $7,360.23 in attorney and paralegal fees following her successful appeal of the Commissioner's denial of her application for Social Security Disability (SSD) benefits. *See* EAJA Application for Fees and Expenses ("Motion") (ECF No. 24). The Commissioner agrees that an award is appropriate but urges the Court to pare compensable attorney time by eight hours, resulting in a fee award of not more than $5,600. *See* Defendant's Opposition to Plaintiff's EAJA Application for Fees and Expenses ("Opposition") (ECF No. 25). The Plaintiff concedes that a reduction is warranted but proposes a smaller 2.4-hour reduction that would result in a fee award of $6,831.62. *See* Plaintiff's Reply to the Defendant's Opposition to Award of EAJA Fees ("Reply") (ECF No. 26). I conclude that the Commissioner has the better argument and recommend that the Court award the Plaintiff a total of $5,600 in attorney and paralegal fees.

1

## I. Legal Standard

The EAJA provides, in relevant part:

[A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

The EAJA allows fee reimbursement to a prevailing party only for "reasonable fees and expenses of attorneys." *Id.* § 2412(b). "The plaintiffs bear the burden of establishing the reasonableness of the rates and hours submitted in their application for fees." *Mason v. Me. Dep't of Corr.,* 387 F. Supp. 2d 57, 60 (D. Me. 2005). Billing judgment must be exercised. *See, e.g., Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983) (advising that courts should exclude from fee-award calculation "hours that were not reasonably expended"; observing, "Cases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." (cleaned up)).

This Court has "held it appropriate to measure the reasonableness of a Social Security EAJA fee request in part by the yardstick of awards made in comparable cases, subjecting itemized fee statements to enhanced scrutiny when total hours for which an EAJA fee award is requested in a garden-variety case exceed approximately

30, the high end of the range for a typical Social Security case in this district." *Traci H. v. Berryhill*, No. 1:16-cv-00568-JAW, 2018 WL 6716693, at *8 (D. Me. Dec. 21, 2018) (rec. dec.), *aff'd*, 2019 WL 166543 (D. Me. Jan. 10, 2019) (cleaned up).

## II.  Background

The Plaintiff submits an itemized billing statement reflecting the expenditure of 32.9 hours on this case by Attorney Elizabeth A. Valentine of the law firm Jackson & MacNichol plus 1.2 hours by a Jackson & MacNichol paralegal.  *See* Exh. A (ECF No. 24-1).  Attorney Valentine logged the majority of her time drafting the Statement of Errors (11.6 hours) and preparing for oral argument (16.5 hours).  *See id*.  The Plaintiff seeks reimbursement at rates of $220.25 per hour for attorney time and $95.00 per hour for paralegal time, *see id*.—rates that the Commissioner does not contest.[1]

## III.  Discussion

While acknowledging that some reduction in attorney hours is warranted, the Plaintiff presses for reimbursement of all but 2.4 hours of Attorney Valentine's time on the bases that this concession aligns the total number of hours expended in this case with a "typical 30 hour case" and that "this was still a relatively early oral argument for" Attorney Valentine, as a result of which "she likely took somewhat

---

[1] Using those rates, a 2.4-hour reduction in compensable attorney time generates a total fee award of $6,831.63, and an eight-hour reduction generates a total fee award of $5,598.23.  However, because the Commissioner requests that the Court "award no more than $5,600" in fees, Opposition at 1, 6, I recommend an award in that slightly higher amount.

longer than an attorney who had argued 100 or more oral arguments would have taken." Reply at 2-3. These arguments do not carry the day.

While, as the Plaintiff notes, *see id.* at 2 n.1, this Court observed in *Dowell v. Colvin*, No. 2:13-cv-246-JDL, 2015 U.S. Dist. LEXIS 1128 (D. Me. Jan. 5, 2015) (rec. dec.), *aff'd* ECF No. 40 (D. Me. Jan. 26, 2015), that its research suggested that "the high end of the range" for a "typical Social Security case" might be "closer to 30 than to 25 hours," it concluded that a request for an EAJA award for total hours above that range warrants "enhanced scrutiny," not that a fee request within that range is necessarily reasonable. *Dowell*, 2015 U.S. Dist. LEXIS 1128, at *11-12. *Dowell*, then, leaves open the question whether the Plaintiff's revised request for a fee award, which effectively seeks reimbursement for 14.1 hours of attorney time spent preparing for oral argument—a total that continues to exceed the 11.5 hours invested by the same attorney in preparing the statement of errors—is reasonable.

The Plaintiff cites *Stern v. Astrue*, No. 08-213-P-S, 2009 WL 2824751, at *3 (D. Me. Aug. 27, 2009) (rec. dec.), *aff'd*, 2009 WL 5174689 (D. Me. Dec. 18, 2009), *Curtis v. Barnhart*, No. 02-189-B, 2003 WL 21980560 (D. Me. Aug. 16, 2003) (rec. dec.), *aff'd* 2003 WL 22214109 (D. Me. Sept. 11, 2003), and *Brennan v. Barnhart*, No. 05-123-P-S, 2007 WL 586794 (D. Me. Feb. 20, 2007) (rec. dec.), *aff'd* 2007 WL 656416 (D. Me. Feb. 26, 2007), for the proposition that "it is not merely reasonable, but necessary, for a lawyer new to a particular area of law or activity, here oral argument, to expend greater amounts of time to prepare." Reply at 3-4.

4

Yet, neither *Curtis* nor *Brennan* concerns time spent preparing for oral argument, and both *Stern* and *Traci H.* support the reasonableness of the Commissioner's proposal. In *Stern*, this Court deemed "8.25 hours of preparation time for oral argument in a single-issue case" reasonable, although "above average for Social Security appeals," when the attorney assigned to participate in oral argument was not only inexperienced but also lacked the benefit of having written the statement of errors, *Stern*, 2009 WL 2824751, at *3-4. By contrast, in this case, Attorney Valentine authored the statement of errors, and while less experienced than some of her colleagues at Jackson & MacNichol, was not inexperienced when she prepared for oral argument in August and September 2021.

As the Commissioner notes, *see* Opposition at 4, in 2018, this Court rejected a requested EAJA fee award for 13.9 hours that Attorney Valentine had spent preparing for oral argument, deeming an award for 8.25 hours reasonable even in light of her inexperience at that time and the fact that she had not prepared the statement of errors, *see Traci H.*, 2018 WL 6716693, at *8-9.

Because, in line with *Stern* and *Traci H.*, an award for 8.25 hours of the time Attorney Valentine spent preparing for oral argument would have been appropriate even had she been inexperienced and had not authored the statement of errors in this case, I recommend that the Court adopt the Commissioner's reasonable proposal to award fees for 8.5 hours of time spent preparing for oral argument in this case.[2]

---

[2] Nothing herein should be construed as a criticism of Attorney Valentine's work. The question of whether an EAJA fee request based on that work is reasonable is a separate matter, implicating the exercise of billing judgment.

## IV.  Conclusion

For the foregoing reasons, I recommend that the Court **GRANT** the motion **IN PART**, awarding the Plaintiff EAJA fees totaling $5,600, and otherwise **DENY** it.

### *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the District Court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the District Court and to appeal the District Court's order.*

Dated: June 13, 2022

/s/ Karen Frink Wolf
United States Magistrate Judge

6